This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41368

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**ARSENIO G.,**

Respondent-Appellant,

and

**DESTINY B.,**

Respondent,

**IN THE MATTER OF CENDRICK R.B.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Larry K. Bishop, Attorney at Law
Larry K. Bishop
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Respondent Arsenio G. (Father) appeals the termination of his parental rights to Child. We entered a notice of proposed disposition, proposing to affirm. Father filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Father continues to contend that the district court erred in finding the Children, Youth, and Families Department (CYFD) made reasonable efforts to assist him in adjusting the causes and conditions that brought Child into custody. [MIO 8-10] Father contends that he demonstrated initial compliance with his treatment plan when he was either in custody or under supervision by a reintegration center, and seems to concede that his compliance did falter when he absconded from the center. [MIO 10] However, Father argues that "he just needed to adjust to circumstances once he was released from incarceration" and the "adjustment required more time." [MIO 10]

**{3}** Father's memorandum in opposition does not claim that this Court erred in our proposed analysis of the evidence to support the district court's finding, nor has he asserted additional facts or law to otherwise persuade this Court that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. In fact, Father's response does not address the district court's determination that CYFD made reasonable efforts, based on the totality of the circumstances, including CYFD's statutory obligation and Father's efforts. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."); *State ex rel. Child., Youth & Fams. Dep't v.*

*Keon H.*, 2018-NMSC-033, ¶ 48, 421 P.3d 814 ("Both [CYFD] and [the parent] are responsible for making efforts toward reunification of the family.").

**{4}**     Although Father maintains he should be allowed more time to adjust to his release from custody before focusing on his treatment plan requirements [MIO 10], we are unpersuaded. Father continues to provide no reason why giving him additional time to alleviate the causes and conditions that brought Child into CYFD custody would be successful, in Child's best interests, or consistent with the statutory requirement that "a reunification plan to be maintained for a maximum of fifteen months." *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796; *see id.* ¶¶ 21, 53 (observing that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and that "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused").

**{5}**     Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{6}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**